UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD L. YOUNG, )
)
        Petitioner, )
)
  v. ) No. 4:10-CV-2186-DDN
)
Jeff Norman, )
)
        Respondent. )

**MEMORANDUM AND ORDER**

      This matter is before the Court upon petitioner Reginald L. Young's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

      Petitioner, an inmate at the Southeast Correctional Center, challenges his October 9, 2007 conviction in the New Madrid County Circuit Court. Petitioner pled guilty to possession of a controlled substance and tampering with a motor vehicle; he was sentenced to seven (7) years' imprisonment.[1] Petitioner did not file a direct appeal from the conviction; however, on May 6, 2009, he filed a petition for writ of habeas corpus in the 21st Judicial District (St. Louis County). The petition was denied on May 26,

---

[1] Petitioner was given a suspended execution of sentence ("SES") and placed on supervised probation for a period of five (5) years. Defendant's probation was revoked on July 8, 2008, and he was remanded to the Missouri Department of Corrections for execution of his seven-year sentence. See Young v. Sachse, No. 4:10-CV-442-DDN (E.D. Mo.). An SES is a final judgment under Missouri law. See Edwards v. State, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007).

2009.

The Court's records show that petitioner has previously brought a § 2254 application for a writ of habeas corpus challenging his October 7, 2007 conviction. See Young v. Sachse, No. 4:10-CV-442-DDN (E.D. Mo.). This Court ordered petitioner to show cause as to why the Court should not dismiss the action as time-barred. Id. [Doc. #5]. Petitioner filed his response, id. [Doc. #6], and on July 15, 2010, this Court considered and rejected his arguments and dismissed the petition as time-barred. Id. [Doc. #7]. Petitioner did not appeal the dismissal. Petitioner filed the instant habeas petition on November 22, 2010; the petition is dated October 13, 2010. The Court finds this petition to be successive, and it appears to be untimely, as well.

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because the instant action is a successive habeas application, petitioner is required to obtain authorization from the United States Court of Appeals for the Eighth Circuit before filing the application in this Court. See 28 U.S.C. § 2244(b)(3)(A). There is no indication that the Eighth Circuit has authorized this Court to consider petitioner's habeas application, and thus, this Court lacks jurisdiction, and the action will be summarily dismissed, without prejudice. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; Diaz-Diaz v. United States, 297 Fed.Appx. 574,

575, 2008 WL 4746862, **1 (8th Cir. Oct. 29, 2008)(per curiam), citing, Villaneuva v. United States, 346 F.3d 55, 61 (2d Cir. 2003)("a habeas or § 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes") and Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002); see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009)(dismissal of first habeas petition for untimeliness presents "permanent and incurable" bar to federal review of underlying claims because a petitioner will never be able to overcome the statute of limitations bar); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003)(dismissal of untimely habeas petition operates as irremediable defect).

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent, because the instant petition is successive under 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of December, 2010.

                                      **/s/ Jean C. Hamilton**
                                      **UNITED STATES DISTRICT JUDGE**